# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUDY MENDOZA,<br>      Plaintiff,<br><br>      v.<br><br>ERIE COUNTY COURT OF COMMON<br>PLEAS, et al,<br>      Defendants. | Civil Action No. 12-13Erie<br><br><br><br>Magistrate Judge Baxter |

# MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

On January 13, 2012, Plaintiff Rudy Mendoza, an inmate incarcerated at SCI Albion, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Erie County Court of Common Pleas; Erie County Executive/Council; Erie County Regional Contract Jail Albion ("SCI-Albion"); Inmate General Welfare Fund ("IGWF"); and Pennsylvania Department of Corrections.

In his Amended Complaint, Plaintiff alleges that the sentence he received from the Court of Common Pleas was excessive, exceeded the Pennsylvania Sentencing Guidelines and the maximum statutory penalty, is unconstitutional and lacks finality. Plaintiff claims the "Apprendi

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 4, 33, and 34.

1

rule" applied to his sentence. ECF No. 11. On February 17, 2010, Plaintiff was transferred from SCI Albion to the Muskegon County Jail in Michigan. Plaintiff claims this transfer "cancelled/terminated" his underlying sentencing order. Plaintiff complains that the transfer from Albion to Muskegon and later back to Albion violated his constitutional rights.

Defendant Erie County Executive/Council has filed a motion to dismiss. ECF No. 26. Alternatively, Defendant seeks to have the complaint stricken and/or a more definite statement. Defendants Erie County Regional Contract Jail Albion, the Pennsylvania Department of Corrections, and the Inmate General Welfare Fund are represented by the Attorney General's Office and have filed a motion to dismiss. ECF Nos. 29, 41. The docket reflects that Defendant Erie County Court of Common Pleas has not been served. See ECF No. 17.

Plaintiff has filed a brief in opposition to the pending motions. These motions are fully briefed and are ripe for disposition by this Court.

### A. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

2

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906

3

(3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court

4

should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

There are several exhibits attached to the pleadings in this case. However, the use of these exhibits by this Court does not convert Defendant's motions to dismiss for failure to state a claim into motions for summary judgment. Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### B. Eleventh Amendment Immunity

Defendants SCI-Albion, IGWF, and the Department of Corrections all seek to dismiss Plaintiff's claims based upon Eleventh Amendment immunity.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the DOC, which administers all state correctional institutions including SCI-Albion, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the Department of Corrections and its respective institutions, including SCI Albion, are also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800, at *8 (W.D. Pa.).

It is well-settled that courts of common pleas are arms of the Commonwealth of Pennsylvania and are, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Benn v. First Judicial District, 426 F.3d 233, 241 (3d Cir. 2005) (Pennsylvania has a unified state judicial system so judicial districts (i.e. common pleas courts), being an "integral component" of the system, have Eleventh Amendment immunity). The Erie County Court of Common Pleas will be dismissed from this action on this basis pursuant to this Court's authority under the Prison Litigation Reform Act.[2]

---

[2] The PLRA allows the Court to dismiss certain claims *sua sponte*, under the following conditions:

> (b) Grounds for dismissal – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."). See also Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous

No exceptions to Eleventh Amendment immunity are applicable here.  The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538, at *1 n.2 (E.D.Pa.) nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages.  Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).  See also 42 Pa.C.S. § 8521(b); Chittister v. Dep't of Community & Economic Development, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity.  See 1 Pa.Cons.Stat.Ann. § 2310 (West Supp. 2000) ( "[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")").

Accordingly, Plaintiff's claims against Defendants SCI-Albion, IGWF, and the Department of Corrections will be dismissed based upon Eleventh Amendment immunity.[3]

### C. Excessive Sentence Claim

---

or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

[3] Moreover, none of these named Defendants are "persons" against whom a civil rights action may be brought under § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

To the extent that Plaintiff is claiming that he was subject to an "illegal sentence"[4] in excess of the statutory maximum, his claim fails.

Plaintiff has not alleged how the "Erie County Executive/Council"[5] or any of its individual employees have any involvement in his claims which arise out of his criminal sentence ordered by Westmoreland County Court of Common Pleas or the execution of Plaintiff's sentence which is controlled by the Department of Corrections.[6] In order for an

---

[4] The record before this Court reflects that Plaintiff was found guilty of multiple counts of Rape and multiple counts of Involuntary Deviate Sexual Intercourse against a child and Burglary and sentenced to a total term of incarceration of 10-20 years. See ECF No. 26-3, pages 1-30.

[5] Furthermore, "Erie County Executive/Council" is not an existing entity and is therefore not a proper party to a § 1983 action. Will, 491 U.S. 58.

[6] The Rooker-Feldman doctrine provides an alternative basis for the dismissal of this case. The doctrine is derived from 28 U.S.C. § 1257 and the understanding that "a United States District Court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in the [United States Supreme] Court." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

The Third Circuit has instructed that the doctrine:

> bars the lower federal courts 'from entertaining an action ... if the relief requested effectively would reverse a state court decision or void its ruling. Accordingly, the *Rooker-Feldman* doctrine creates a jurisdictional bar where the federal claim was 'actually litigated' in state court or where the federal claim is 'inextricably intertwined' with a previous state-court judgment.

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). See also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

individual to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). See also Baker v. Monroe Township, 50 F.3d 1186 (3d Cir. 1995).

Accordingly, the claims against the Erie County Executive/Council will be dismissed.

### D. Transfer Claims

To the extent that Plaintiff challenges the constitutionality of his transfer to Muskegon County Jail and his later transfer back to SCI Albion, his claims fail. It is well-settled that an inmate has no federal liberty interest guaranteeing that he remain in a particular prison, or preventing his transfer to another correctional facility, either in the same state or interstate. Olim v. Wakinekona, 461 U.S. 238, 247 (1983); In re Baker, 469 Fed.Appx 89, 90 (3d Cir. 2012). In Olim, the Supreme Court recognized that:

---

More recently, the Third Circuit explained that "there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply": "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Plaintiff claims that his constitutional rights were violated by Defendants' actions in pursuing, enforcing, allowing and/or condoning his alleged wrongful imprisonment. Plaintiff is, in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence, in an effort to have the state court judgment expunged and damages assessed. In order to grant such relief, a determination that the state court judgment was erroneous must occur, which would render the state court sentencing decision "ineffectual." This the Court cannot do.

9

> [j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State …
>
> [I]t is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State. Confinement in another State … is within the normal limits or range of custody which the conviction has authorized the State to impose.

461 U.S. at 245-48.

Because there is no liberty interest invoked here, Plaintiff's claims challenging his transfers will be dismissed.

### E. Proposed Amendments

To the extent that Plaintiff seeks to amend the complaint to add claims against new individual Defendants[7], such an amendment is denied as futile.

Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, falsity of amendment, etc. – the leave sought should, as the rules

---

[7] The individuals that Plaintiff seeks to name as Defendants include: Judge Ernest DiSantis; District Attorney Jack Daneri; County Executive Barry Grossman; Warden Michael Harlow; Deputy Warden Ronald Bryant; Department of Corrections Records Supervisor Cheryl Gill; and Department of Corrections Director of Records Judith Viglione. ECF No. 43.

require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).

Here, the proposed claims mirror those being dismissed herein, and the same grounds for dismissal apply to the proposed amendments.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDY MENDOZA, | ) | |
| Plaintiff, | ) | Civil Action No. 12-13Erie |
| | ) | |
| v. | ) | |
| | ) | |
| ERIE COUNTY COURT OF COMMON | ) | |
| PLEAS, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# O R D E R

AND NOW, this 21st day of February, 2013;

IT IS HEREBY ORDERED that the motion to dismiss filed by Erie County Executive/Council [Ecf No. 26] is GRANTED. The requests for a more definite statement and to strike the amended complaint are dismissed as moot.

IT IS FURTHER ORDERED that the motion to dismiss filed by the Erie County Regional Contract Jail Albion and the Pennsylvania Department of Corrections [ECF No. 29] and the motion to dismiss filed by the Inmate General Welfare Fund [ECF No. 41] are GRANTED.

Pursuant to this Court's authority under the Prison Litigation Reform Act, IT IS FURTHER ORDERED that the Erie County Court of Common Pleas is DISMISSED from this action based upon Eleventh Amendment immunity.

Furthermore, to the extent Plaintiff seeks to amend his complaint [in his Opposition Brief, ECF No. 43] to add claims against new individual defendants, such an amendment is DENIED AS FUTILE, and the Clerk is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge